## LAMBERT TIRE & RUBBER CO. v. BRUBAKER TIRE CO. et al.

(Circuit Court of Appeals, Sixth Circuit. April 6, 1925.)

No. 4293.

**1. Patents ⬤⟹328—Brubaker, 1,414,252, for cushion tire, held independent invention of patentee.**

Evidence *held* insufficient to show invention covered by Brubaker patent, No. 1,414,252, for cushion tire, was made by the patentee as an employee of complainant, or under such circumstances as to give complainant the equitable title thereto.

**2. Patents ⬤⟹328 — Lambert, 1,386,513, for cushion tire, and design 57,363, for design for tire, held not infringed.**

The Lambert patents, No. 1,386,513, for a cushion tire, and design patent No. 57,363, for design for tire, *held* not infringed.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Ohio; D. C. Westenhaver, Judge.

In Equity. Suit by the Lambert Tire & Rubber Company against the Brubaker Tire Company and William A. Brubaker. Decree for defendants, and complainant appeals. Affirmed and remanded.

Albert E. Dieterich, of Washington, D. C. (Geo. B. Pitts, of Cleveland, Ohio, on the brief), for appellant.

Hadley F. Freeman, of Cleveland, Ohio (Smith & Freeman, of Cleveland, Ohio, on the brief), for appellees.

Before DONAHUE, MOORMAN, and KNAPPEN, Circuit Judges.

DONAHUE, Circuit Judge. This is an appeal from a decree dismissing plaintiff's bill of complaint in an action brought to compel defendants to assign to plaintiff United States letters patent No. 1,414,252, issued April 25, 1922, to William A. Brubaker, and if this relief be denied, then to enjoin defendants from infringing, by the manufacture of the tire of the Brubaker patent, letters patent No. 1,386,513, and design patent No. 57,363, issued to Henry M. Lambert and by him assigned to plaintiff.

[1] It is alleged in the bill of complaint that plaintiff employed the defendant William A. Brubaker to devise a cushion tire and mold to manufacture the same; that in pursuance of this employment Brubaker did design the tire of letters patent No. 1,414,-252 from preliminary plans furnished him and along lines suggested by plaintiff's officers. This is denied by defendants, who allege in their answer that Brubaker devised this tire upon his own initiative and developed it at his own expense, and not as an employee of the plaintiff or at its expense. It is further alleged on the part of the plaintiff that this tire devised by Brubaker is an infringement of plaintiff's design patent No. 57,363, and that the molds which were used by defendant to make the tires of the Brubaker patent infringe plaintiff's patent No. 1,386,513. The defendant pleaded invalidity and noninfringement as to both patents, but relied particularly upon noninfringement.

The plaintiff company is the manufacturer of an improved tire of the cushion ventilated type wherein the tire body is provided with holes or air spaces so arranged as to afford sufficient resiliency and ventilation of a tire body manufactured from solid rubber or rubber compound.

While the evidence offered on the part of the plaintiff fails to establish a definite and specific contract, either verbally or in writing, by the terms of which Brubaker agreed to develop the tire of patent 1,414,252, for the use and benefit of plaintiff and to assign the same to it, yet the evidence tends to prove that this was the understanding of the officers of the plaintiff company who dealt directly with Brubaker in reference to his employment.

The evidence further tends to prove that in this connection the plaintiff submitted to Brubaker the drawings (Figs. 4 and 5) of the Lambert patent 1,386,513, and a design prepared for it by C. W. Draper, the object and purpose of which were to so place the holes or air spaces that the load would be carried, at all times, partly by air and partly by rubber, and not by rubber and air alternately and employed and directed Brubaker to develop and perfect these plans and ideas so as to produce a tire that would accomplish the desired result. It is the claim of the plaintiff that the tire of the Brubaker patent is the natural outcome or development of the Lambert patent 1,386,513 and the Draper design and idea. It also appears from the evidence that while Brubaker was in the employ of the plaintiff, he devised two designs for treads upon which design patents were issued and assigned by Brubaker to the plaintiff. It is further claimed by plaintiff that from the nature of Brubaker's employment, his conduct and dealings with the company, that regardless of an express contract there was an implied contract that Brubaker would assign this patent to the plaintiff. Dowse v. Federal (D. C.) 254

F. 308; Standard Parts v. Peck, 264 U. S. 52, 44 S. Ct. 239, 68 L. Ed. 570, 32 A. L. R. 1033.

Evidence was offered upon the part of the defendants tending· to prove that Brubaker was not in the regular employ of plaintiff, but was employed by the Akron Gear & Engineering Company as superintendent of its factory; that while acting in this capacity he had acquired large experience in the developing of molds to make solid rubber and other forms of tires; that because of his experience and skill in these matters he was employed by the plaintiff when it moved its factory to Akron, Ohio, in the fall of 1918 to assist it, during his free time, in developing its product, at a stipulated sum per month; that in pursuance of a later arrangement, Brubaker was paid for services actually performed for the plaintiff upon bills presented by him; that at the same time the Akron Gear & Engineering Company, by whom Brubaker was employed, was manufacturing molds· for all types of tires, and particularly for Charles Niemeyer, who was also the inventor of a solid cushion tire with staggered holes through each side to the center, which holes tapered down in the center to about a half inch at the smaller part, and except for the size, shape, and tapering of these holes, it is very similar in design to the Brubaker patent in suit; that plaintiff did submit to Brubaker the drawings of the Lambert patent and the Draper design in which the holes passed diagonally, instead of directly through the body of the tire, and employed and directed Brubaker to develop a tire from these basic plans and ideas that would produce the results suggested by Draper and desired by the plaintiff; that after Brubaker had worked with this design for some time, he notified plaintiff that it was impossible of development, and that he was then told by plaintiff "to forget about it"; that he thereupon abandoned all further efforts to develop these plans and designs; that later he designed and developed the tire of patent No. 1,414,252 upon wholly different lines at his own expense; that he paid the Akron Gear Grinding Company for the molds; that he paid the plaintiff for manufacturing some of these tires for experimental purposes; that he also made application for this patent and paid all of the expenses of procuring the same. The evidence further tends to prove that after one or more of these tires were manufactured by plaintiff for Brubaker, and for which service Brubaker paid the plaintiff, some claim was made by the officers of the plaintiff that

Brubaker had developed this tire for it in accordance with the plans and designs furnished him and that plaintiff was the equitable owner of the same. This was denied by Brubaker, and thereupon a verbal agreement was made between the plaintiff and Brubaker that the plaintiff might, at its option, on or before the next directors' meeting, purchase this tire upon terms then stated; that plaintiff did not exercise its option to purchase, but thereafter made a small number of tires for Brubaker for which bills were sent him by the plaintiff and the same were paid by him.

The plaintiff denies that it countermanded the order to Brubaker to develop the Draper idea or directed Brubaker "to forget it," but, on the contrary, insists that it furnished the design, the idea, and instructions to Brubaker that enabled him to develop this tire, and that it did not, with knowledge of the facts, enter into any option agreement with him for the purchase of this tire or in any other way admit or recognize Brubaker's ownership thereof.

While the fact that Brubaker transferred to plaintiff, without objection and upon his own suggestion, the patents covering the treads invented and devised by him, is strongly corroborative of plaintiff's evidence that it was the intention, understanding, and agreement of the parties that Brubaker was working for and in the interest of the plaintiff and developing these ideas for their use and benefit, yet the evidence in relation to these patents differs materially from the evidence in relation to patent No. 1,414,252. The designs of the tread patents were developed by Brubaker during the time or times for which the plaintiff paid him for his services. The cost of obtaining these patents was also paid by plaintiff, and all materials, molds, and experimental work were furnished and paid for by plaintiff. In relation to patent 1,414,252, no evidence was offered tending to prove that plaintiff paid Brubaker for the time employed by him in developing and perfecting the tire of this patent, or that it paid any part whatever of the expenses incident to its development. On the contrary, it appears from the uncontradicted evidence that Brubaker paid for the molds and rings and took them to plaintiff's factory and paid plaintiff for the manufacture of the experimental tires. These facts are wholly inconsistent with the claim of plaintiff that Brubaker was developing this tire for its use and benefit and at its expense. It is also clear that the Draper design and Lambert 1,386,513 are wholly unlike the tire

of the Brubaker patent. In view of the then state of the art, it is not probable that either of these furnished a basis or suggestion for this invention. The Brubaker tire is very similar to the Niemeyer tire. It differs from Niemeyer in the size and shape of the staggered holes in the opposite sides of the tire body. Brubaker was very familiar with the Niemeyer tire. As superintendent of the factory he made the molds for their manufacture and from time to time discussed this type of tire with Niemeyer. It would therefore appear that the facts in this case are materially and vitally different from the facts presented in either Dowse v. Federal or Standard Parts v. Peck, supra.

In the opinion of this court the evidence in this case wholly fails to establish that drawings of the Lambert patent, No. 1,386,-513, or the Draper design, furnished to Brubaker the basic idea upon which and by which he was enabled to develop the tire of patent 1,414,252, or that there was any contract, either express or implied, between the plaintiff and Brubaker that would entitle plaintiff to the property in the Brubaker invention.

[2] Upon the question of infringement of Lambert patent No. 1,386,513, the plaintiff must also fail. Upon this question it is unnecessary to discuss the evidence in detail. Claims 1, 4, and 6 of that patent include elements wholly absent from the Brubaker mold, and it further appears from the evidence that the Lambert mold is specially constructed for the purpose of manufacturing the Lambert tire, and that the Lambert tire could not be manufactured from the molds used by the defendant. The Brubaker mold is a four-piece mold, but that fact has no functional importance. Just as soon as it is put into use the parts become so cemented together that it becomes to all intents and purposes a two-piece mold, and as such fully answers the purposes for which it was designed, but would be useless in the manufacture of the Lambert tire. Two-piece molds are admittedly old in the art. It also appears from the evidence that Brubaker took these molds to the plaintiff to be used by plaintiff in the manufacture of these tires for him; that plaintiff without objection did use these molds in the manufacture of the Brubaker tire and later returned the molds to Brubaker. The claim of infringement is evidently an afterthought.

Design patent 57,363 included not only the side wall of the tire body, but also the L-shape tread. There is nothing new in the side wall design to distinguish it from Niemeyer, Bridge, Wilson, or many other tires then being manufactured. The distinctive feature of this design patent is the L-shape tread. The defendant does not manufacture an L-shape tread, but a ribbed tread, which in no way resembles the tread of the Lambert design. The conclusion necessarily follows that the design patent is not infringed by defendant's structure.

Affirmed, with costs, and cause remanded