_____

No. 95-2868
_____

United States of America,          *
                                   *
          Appellee,                *
                                   *   Appeal from the United States
     v.                            *   District Court for the
                                   *   District of Nebraska.
Judith K. Bledsoe,                 *
                                   *      [UNPUBLISHED]
          Appellant.               *

_____

          Submitted:  December 21, 1995

             Filed:  December 28, 1995
_____

Before BOWMAN, BEAM, and MURPHY, Circuit Judges.
_____

PER CURIAM.

     Judith K. Bledsoe appeals the sentence imposed by the district court[1]
following her guilty plea to interstate transportation of a security taken
by fraud with a value of $5,000 or more, in violation of 18 U.S.C. § 2314.
We affirm.

     While working as a bookkeeper for a Nebraska automobile dealership,
Bledsoe wrote five checks (totaling $32,320) to herself from the company's
business account by forging the owner's signature.  After writing the
checks, Bledsoe deposited them in her personal bank account in Iowa,
entered them as void on the company's computer and ledgers, removed the
forged checks from the

_____

     [1]The Honorable Thomas M. Shanahan, United States District
Judge for the District of Nebraska.

bank statement, and inflated the amounts on legitimate checks to reconcile the bank statement. Just before obtaining the Nebraska position, Bledsoe had worked as a bookkeeper for a Nevada truck center. The manager of the truck center alleged that over the course of three years Bledsoe embezzled at least $131,000 from the company by forging his signature on checks drawn on a credit card account. A police report indicated that Bledsoe admitted she wrote the checks, deposited them in her personal bank account, and manipulated the company's books and computer records to avoid detection. A criminal complaint was filed against Bledsoe in Nevada, charging her with seven counts of embezzlement.

At sentencing on the instant offense, Bledsoe objected to the presentence report's recommendation to hold her responsible for a total loss exceeding $120,000. Specifically, Bledsoe argued that the then-pending Nevada charges could not be used as relevant conduct. Bledsoe also objected to a recommended U.S.S.G. § 3B1.3 abuse-of-trust enhancement. The district court overruled Bledsoe's objections, sentenced her to 15 months imprisonment and three years supervised release, and ordered her to pay $32,320 in restitution.

On appeal, Bledsoe argues that the district court erred by using the Nevada charges to determine the amount of loss. We review a district court's application of the Sentencing Guidelines de novo, and its factual findings regarding whether a defendant's acts constituted relevant conduct for clear error. United States v. Ballew, 40 F.3d 936, 943 (8th Cir. 1994), cert. denied, 115 S. Ct. 1813 (1995). For offenses like Bledsoe's that are grouped, see U.S.S.G. § 3D1.2(d), relevant conduct includes acts "that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2). "The cumulative loss produced by a common scheme or course of conduct should be used in determining the offense level [for fraud], regardless of the number of counts of conviction." U.S.S.G. § 2F1.1, comment. (n.6); see also United States v. Galloway, 976

F.2d 414, 425 (8th Cir. 1992) (en banc) (under § 1B1.3, sentencing court may consider conduct beyond count of conviction), cert. denied, 113 S. Ct. 1420 (1993). To be part of a common scheme or plan, multiple offenses must be substantially connected by at least one common factor, such as "`common victims, common accomplices, common purposes or similar modus operandi.'" United States v. Sheahan, 31 F.3d 595, 599 (8th Cir. 1994) (citing U.S.S.G. § 1B1.3, comment. (n.9)).

We conclude the district court did not err in its application of section 1B1.3 or in its finding that Bledsoe's Nevada charges should be used to determine the amount of loss. The undisputed facts show that Bledsoe used a similar modus operandi to commit both offenses, see id. at (n.9(A)) (similarity of modus operandi includes using similar computer manipulations to execute scheme), and that only three months separated her conduct in Nevada and Nebraska. Bledsoe's self-incrimination rights were not implicated because she was not "compelled" to testify about the Nevada charges at the sentencing hearing, and there was no double jeopardy violation. See U.S. Const. amend. V; Witte v. United States, 115 S. Ct. 2199, 2207-08 (1995) (double jeopardy rights not implicated where sentencing court considers "related conduct outside the elements of the crime" because defendant "is still punished only for the fact that the present offense was carried out in a manner that warrants increased punishment, not for a different offense (which that related conduct may or may not constitute)"). Bledsoe's due process claim likewise fails. Cf. Galloway, 976 F.2d at 425-26 (due process rights not implicated when application of § 1B1.3 caused almost three-fold increase in sentence).

Bledsoe also argues that the district court erred by assessing the abuse-of-trust enhancement. Section 3B1.3 requires a sentencing court to assess a two-level enhancement "[i]f the defendant abused a position of . . . private trust . . . in a manner that significantly facilitated the commission or concealment

of the offense."  A district court's assessment of a section 3B1.3 enhancement is entitled to great deference and will not be reversed unless it is clearly erroneous.  <u>United States v. Johns</u>, 15 F.3d 740, 744 (8th Cir. 1994).  After reviewing the record, we conclude the district court did not clearly err by finding that Bledsoe had abused a private trust, because her conduct exceeded "taking money from the till," and she used her position to facilitate and conceal her actions.  <u>Cf.</u> <u>United States v. Brelsford</u>, 982 F.2d 269, 271-73 (8th Cir. 1992) (affirming § 3B1.3 enhancement where bank "teller supervisor" was responsible for maintaining and reviewing reports and used position to conceal embezzlement of bank funds).

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.